**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS MALGESINI, | No. 22-15625 |
| Plaintiff-Appellee, | D.C. No. 5:20-cv-07002-EJD |
| v. | |
| GREGORY MALLEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted January 27, 2023**
San Francisco, California

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

In March 2020, Gregory Malley filed an action alleging fifteen causes of action against San Jose Midtown Development LLC and its members, including Thomas Malgesini ("the Malley Action"). The Malley Action included two federal RICO claims, which were ultimately dismissed but initially served as the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

sole basis for subject-matter jurisdiction in federal district court. In August 2020, Malgesini filed an action in California state court against Malley alleging breach of a written agreement ("the State Action"). Malley removed the State Action to federal court, stating in his removal motion that the State Action "constitute[d] a *de facto*, compulsory counterclaim" to the Malley Action and was removable under 28 U.S.C. § 1367(a). Because the parties are familiar with the facts of the case, we will not expand on them here in further detail.

Attorneys' fees awards are reviewed for an abuse of discretion. *See Stetson v. Grissom*, 821 F.3d 1157, 1163 (9th Cir. 2016); *Barnard v. Theobald*, 721 F.3d 1069, 1075 (9th Cir. 2013). Review of an award of attorneys' fees under 28 U.S.C. § 1447(c) must include a de novo examination of whether the remand order was legally correct. *See Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003); *Dahl v. Rosenfeld*, 316 F.3d 1074, 1077 (9th Cir. 2003); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001).

1. The district court did not abuse its discretion in imposing attorneys' fees. District courts are authorized to award attorneys' fees under § 1447(c) where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit[;]" rather, removal is objectively unreasonable when relevant case law at the

2

time clearly forecloses the removing party's asserted basis for removal. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065, 1066 (9th Cir. 2008).

Here, Malley's removal was objectively unreasonable because our precedent "clearly forecloses" the argument that supplemental jurisdiction can be a basis for removal. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) ("Section 1367, which provides for supplemental jurisdiction, is not a basis for removal."), *abrogated on other grounds by BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532 (2021).

2. The remand order was legally correct and required by *Patel v. Del Taco*. *See Patel*, 446 F.3d at 999. A defendant may remove a civil action filed in state court to federal district court if the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Section 1367, however, does not provide a district court with original jurisdiction. *Patel*, 446 F.3d at 999. District courts are not required to make a specific finding of bad faith before imposing sanctions for improper removal. *See Gibson*, 261 F.3d at 950.

Here, Malley's sole basis for removal was 28 U.S.C. § 1367(a). Upon being made aware of our decision in *Patel*, Malley argued that attorneys' fees still should not have been imposed because he acted in good faith. This argument is also foreclosed by our precedent holding that bad faith need not be demonstrated to impose fees under § 1447(c). *See Gibson*, 261 F.3d at 950.

3. Malley argues that the district court erred in setting the amount of the fee, but he did not raise this issue below and we do not address it here. An issue is generally deemed waived if it is not "raised sufficiently for the trial court to rule on it." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992) (quotation omitted); *see also Bracken v. Okura*, 869 F.3d 771, 776 n.3 (9th Cir. 2017). We may exercise our discretion to consider an argument raised for the first time on appeal "(1) to prevent a miscarriage of justice; (2) when a change in law raises a new issue while an appeal is pending; and (3) when the issue is purely one of law." *AlohaCare v. Hawaii, Dep't of Human Servs.*, 572 F.3d 740, 744–45 (9th Cir. 2009) (internal quotation marks and citation omitted). We conclude that none of these circumstances is present here and accordingly decline to exercise our discretion to consider this issue.

**AFFIRMED.**