No. 22-15625

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

THOMAS MALGESINI,

Plaintiff / Appellee

-v.-

GREGORY MALLEY,

Defendant / Appellant

_____

*ON APPEAL FROM NORTHERN DISTRICT OF CALIFORNIA'S GRANT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES* (D.C. No. 5:20-cv-07002-EJD)
_____

**DEFENDANT GREGORY MALLEY'S OPPOSITION TO
PLAINTIFF THOMAS MALGESINI'S MOTION FOR ATTORNEY'S FEES**
_____

GAUTAM DUTTA
*Business, Energy, and Election Law, PC*
Attorneys for
Appellant-Defendant Gregory Malley
1017 El Camino Real # 504
Redwood City, CA  94063
415.236.2048
213.405.2416 fax
Dutta@BEELawFirm.com

- 2 -

## TABLE OF CONTENTS

| Item | Page |
|---|---|
| Table of Contents | 2 |
| Table of Authorities | 3 |
| Introduction | 4 |
| Undisputed Facts | 4 |
| Argument | 5 |
| Conclusion | 10 |
| Certificate of Service | 11 |
| Word Count | 12 |

- 3 -

## TABLE OF AUTHORITIES

**Cases**

*Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir.1986) ........................................... 5

*Defenbaugh v. JBC & Assoc., Inc.*, No. 03–0651, 2004 WL 1874978 (N.D. Cal. Aug. 10, 2004) ........................................................................................................................ 5

*G & G Closed Cir. Events, LLC v. Kim Hung Ho*, No. 11-CV-03096-LHK, 2012 WL 3043018, (N.D. Cal. July 25, 2012) ................................................................................ 6

*Hensley v. Eckerhart*, 461 U.S. 424, 438 n. 13, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) .... 8

*National Abortion Federation v. Center for Medical Progress*, Case 3:19-mc-80042-WHO, 12 (N.D. Cal. Dec. 23, 2021) .................................................................................. 5

*Tile Industry Pension Trust Fund v. Premier Stone and Tile, Inc.*, Case No. 14-cv-03560-WHO, 12 (N.D. Cal. Mar. 28, 2016) ................................................................................. 5

*Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ....................................... 5

*Zynga Game Network Inc. v. Erkan*, No. 09–CV–3264–SC, 2010 WL 3463630, at *2 (N.D.Cal. Aug. 31, 2010) ............................................................................................. 8

**I.     Introduction**

Even when attorney's fees are recoverable, courts have held that the claimed fees must be proven reasonable. The party who seeks the fees bear the burden of providing detailed time records for the court's review. Where the court is able to identify unreasonable billing, those amounts must be reduced. In this instance, Plaintiff Thomas Malgesini's billings include three practices that courts have deemed to reflect inefficiencies, excessive fees and grounds for reducing fees: block billing (50 percent reduction), non-contemporaneous reporting (30 percent reduction), and overstaffing projects. Since each of these inefficiencies is present in the invoices of Plaintiff's counsel, the amount in claimed attorney's fees is unjustified and excessive, and must be reduced by at least 80 percent as shown below.

**II.    Undisputed Facts**

Cornell Law Group and Invoice

As part of Plaintiff's Motion for Attorney's Fees, Plaintiff's counsel Daniel S. Cornell submitted a Declaration, Dkt 36-1 ("Declaration"), and a two-page invoice reflecting services provided from May 31, 2022 to January 31, 2023 for the entire amount of $18,440.00. Dkt 36-2 ("Invoice").

The Declaration makes the following assertions:

A. The Cornell Law Group provided a report on all timekeeping entries in this matter by the attorneys and paralegals who billed to this matter. Declaration ¶6.

B. The two Cornell Law Group attorneys are Daniel S. Cornell and Gurjit Singh. Declaration ¶3.

C. Cornell's hourly rate is $400.00. Declaration ¶4.

D. Gurjit Singh's hourly rate is $200.00. Declaration ¶5.

According to the Invoice, the $18,440.00 in claimed fees represents the billing rate of the two attorneys and for the time each spent working on the appeal. Declaration ¶7.

## III. Argument

While reasonable attorney's fees are recoverable under 47 U.S.C. §605(e)(3)(b)(iii), Plaintiff bears the burden of submitting detailed time records to justify the hours supposedly expended. Then "the Court must review detailed time records to determine whether the hours claimed by the applicant were unnecessary, duplicative or excessive." *Defenbaugh v. JBC & Assoc., Inc.,* No. 03–0651, 2004 WL 1874978 (N.D. Cal. Aug. 10, 2004). If the court determines that the time records reflect inefficiencies, "[t]hose hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of L.A.,* 796 F.2d 1205, 1210 (9th Cir. 1986).

### A. Plaintiff's Block Billing Should Result in a Reduction of Fees

It is hornbook law that, where a party employs block billing in its time records, the hours must be reduced. *E.g., Trustees of Northern California Tile Industry Pension Trust Fund v. Premier Stone and Tile, Inc.*, No. 14-cv-03560-WHO, at 12 (N.D. Cal. Mar. 28, 2016); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (approving 20 percent reduction for block-billed time).

The *Trustees* court ordered a reduction across the board even in an instance where block billing was in almost every time entry. *Trustees,* No. 14-cv-03560-WHO, 13. Even in an instance when the contesting party had already made a 25 percent across-the-board reduction, the court further reduced the fees an additional 25 percent to address the block billing, for a

total reduction of **50 percent.** *National Abortion Federation v. Center for Medical Progress*, No. 3:19-mc-80042-WHO, at 12 (N.D. Cal. Dec. 23, 2021). In *National*, the court found that extensive block billing precludes challenging unreasonableness since no one can lodge "particularized objections to the reasonableness of those entries." *Id*. at 12.

Moreover, in *G & G Closed Cir. Events, LLC v. Kim Hung Ho*, No. 11-CV-03096-LHK, 2012 WL 3043018 (N.D. Cal. July 25, 2012), the court found that the hours expended on "reviewing the Court's Order regarding reassignment of the case . . . and preparing an ex parte application for an order continuing case management conference" were unnecessary and excessive. *Id.* at 1-2.

Here, the block billings in the Invoice fail to clearly identify the services providers. The Declaration stated that the Invoice was "a report on all timekeeping entries in this matter by the attorneys and paralegals who billed to this matter." Declaration ¶6. Each of the time entries should identify the attorneys or the paralegals by name but none provide that clear information. Where a rate might at least suggest an attorney, some line items are still ambiguous; for example, the description for August 25, 2022 is "Discussion with Gurjit" but no corresponding description for that person's hours. The description for September 19, 2022 "Working with Samantha Collins on Formatting and Brief" is ambiguous. Even if that person was a paralegal, there is no indication in the remainder of the time entries where paralegal services were provided or deducted. Dkt. 36-2, page 1.

Here, Plaintiff's description for September 19, 2022 ("Working with Samantha Collins on Formatting and Brief") was not "useful and of a type ordinarily necessary to advance the ... litigation." *Armstrong v. Davis*, 318

F>3d 965, 971 (9th Cir. 2003). Therefore, each of these duplicative and wasteful time entries should be reduced.

Additionally, Plaintiff fails to provide the required level of detail in the description of tasks. For example, the description for August 20, 2022 ("Review Opening Brief and discuss with Gurjit, client and research") lists multiple tasks without specifying the corresponding time for each. More extreme examples are the descriptions for August 24, 2022, January 4, 2023, and January 6, 2023. Each of those descriptions relies on generalizations: respectively, "Review transcript, legal research, prepare opposition with Gurjit and additional excerpts August 21 to Aug 24 time entry"; "Collective of time spent preparing for oral argument"; and "prep for oral argument from December and early January."

Simply put, batching tasks as a vague "collective of time", "August 21 to Aug 24 time entry" or generalized preparation "from December and early January" is clearly not the detailed record keeping required of Plaintiff. *See* Dkt. 36-2, pages 1-2.

Given these inefficiencies, Plaintiff's fees request should be reduced at least by 20 percent across the board pursuant to *Trustees*, resulting in a $4,610.00 deduction. Furthermore, since Plaintiff's failure to provide detailed records precluded Defendant from challenging unreasonableness, a reduction of 50 percent should be made pursuant to *National*. If a line-by-line analysis is conducted, that **50 percent reduction** should be made in addition to the deductions based on non-contemporaneous and duplicate time records set forth below.

B. Failure to Report Hours Contemporaneously Should Result in a Reduction of Fees

It is also hornbook law that fees must be reduced where the time entry provided was not "the product of contemporaneous time records" – because billing records that were not created *contemporaneously* are inherently less reliable. *G & G*, 2012 WL 3043018 at 2. In *G & G*, plaintiff's time entry was deemed a "reconstruction of nineteen different billing entries based on counsel's review of the case file" and ultimately "[fell] short of the type of detailed time records courts require." *Id* at *1–2. In *Hensley v. Eckerhart,* 461 U.S. 424, 438 n.13 (1983), the Supreme Court found that the district court properly reduced the hours of one attorney by **30 percent** to account in part for his failure to keep contemporaneous time records). *See also Zynga Game Network Inc. v. Erkan,* No. 09–CV–3264–SC, 2010 WL 3463630, at *2 (N.D. Cal. Aug. 31, 2010) (denying a motion for attorney's fees where plaintiff failed to attach actual billing records).

Here, the Invoice (dated February 22, 2023) consists of a report covering the period May 31, 2022 to January 31, 2023, for the entire $18,440.00 of claimed fees. Dkt 36-2. Troublingly, the Invoice is not a *contemporaneous* collection of monthly invoices. Instead, it appears to be an after-the-fact *re-creation* that was attached to Plaintiff's Motion. For example, the description for August 24, 2022 is "Review transcript, legal research, prepare opposition with Gurjit and additional excerpts, August 21 to Aug 24 time entry." Similarly, the descriptions for January 4, 2023 and January 6, 2023 are respectively "Collective of time spent preparing for oral argument" and "prep for oral argument from December and early January." Dkt. 36-2, p. 1.

Given that Plaintiff's billing records do not reflect contemporaneously maintained time records, this Court should further reduce the fee across the

board. Therefore, Plaintiff's fees request must be reduced at least by 30 percent pursuant to *Hensley*.

Alternatively, at a bare minimum, Plaintiff's failure to provide contemporaneous time records for August 24, 2022, January 4, 2023 and January 6, 2023 should result in a 30 percent reduction of each of those line items as follows:

August 24, 2022 for "August 21 to Aug 24 time entry":   $1,266.67

January 4, 2023 for "Collective of time":   $533.33

January 6, 2023 for "from December and early January": $533.33.

The deduction of those three entries results in a fee reduction of $2,333.33. Therefore, Plaintiff's failure to record hours contemporaneously should result in an *additional*, **30 percent reduction** of fees.

C. Fees for Duplicate Preparation Was Excessive

Where an action is substantially similar to prior actions brought by the same attorney, a court may find requests for attorney's fees excessive. *G & G*, 2012 WL 3043018 at 1. In the present case, Plaintiff's counsel stated that both the attorneys had worked continuously on the underlying matter and the appeal. Declaration ¶3. Presumably, the same attorneys prepared the motions for which oral argument would be held. Thus, by requesting fees for the oral argument – which involves issues *identical* to the filed papers – Plaintiff sought to duplicates its fees.

First, due to Plaintiff's block billing, the time entries cannot be examined with sufficient particularity. However, there are three lines items that specifically note preparation for oral arguments, respectively:

December 22, 2022:   Preparation for oral arguments

January 4, 2023:   Collective of time spent preparing for oral argument

January 6, 2023: prep for oral argument from December and early January.

Given that preparation for oral argument duplicates the work expended to prepare the underlying documents, these 11.0 hours are wasteful and excessive, and should be deducted. The deduction of those three entries results in an **additional reduction of $3,800.00.**

IV. Conclusion

Plaintiff failed to satisfy its burden to provide detailed time sheets and furthermore, Plaintiff's block billing, non-contemporaneous reporting and duplicative work billing reflect excessive fees. Therefore, the $18,440 in claimed attorney's fees must be reduced by at least 80 percent, to $3,688.

March 6, 2023

                                        Respectfully submitted,

                                        ___s/_Gautam Dutta_____

BUSINESS, ENERGY, AND ELECTION LAW, PC
*Attorneys for*
*Defendant-Appellant Gregory Malley*
*1017 El Camino Real # 504*
*Redwood City, CA 94063*
*415.236.2048; 213.405.2416 fax*
*Dutta@BEELawFirm.com*

## CERTIFICATE OF SERVICE

On March 6, 2023, I electronically filed, via CM/ECF, a copy of the foregoing document with the Clerk of the Court of the U.S. Court of Appeals for the Ninth Circuit. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

 s/_ Gautam Dutta

GAUTAM DUTTA

- 12 -

### FRAP 32(a)(7)(B)(iii) CERTIFICATE OF COMPLIANCE

I certify that the foregoing document contains 1,723 words.

s/_Gautam Dutta_____

GAUTAM DUTTA